

**CORPORATION SERVICE COMPANY**

**null / ALL**
**Transmittal Number: 13430549**
**Date Processed: 02/03/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | Walgreen Co.<br>Entity ID Number  0501431 |
| **Entity Served:** | Walgreen Co. |
| **Title of Action:** | Josh Peterson vs. Walgreen Co., dba Walgreens |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Multnomah County Circuit Court, Oregon |
| **Case/Reference No:** | 15CV02104 |
| **Jurisdiction Served:** | Oregon |
| **Date Served on CSC:** | 02/03/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Brandy Mertz<br>503-385-0121 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| **JOSH PETERSON** , | ) | Case No.: 15CV02104 |
| Plaintiff (s), | ) | |
| | ) | **SUMMONS** |
| v. | ) | |
| | ) | |
| **WALGREENCO., dba WALGREENS** , | ) | |
| | ) | |
| Defendant (s). | ) | |

TO:     Walgreen Co., c/o Registered Agent, The Prentice-Hall Corporation System, Inc.,
          285 Liberty Street NE, Salem, Oregon  97301

### SUMMONS

*You are hereby required to appear and defend the complaint filed against you in the above entitled cause within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for the relief demanded in the Complaint.*

### NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically.  To "appear", you must file with the court a legal paper called a "motion" or "answer".  The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service upon the Plaintiff.

If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org, or by calling (503)684-3763 (in the Portland Metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

LAW OFFICE OF BRADY MERTZ

Brady Mertz, OSB #970814
Attorney for the Plaintiff

I - SUMMONS

**Brady Mertz, PC**
2285 Liberty St. NE, Salem, OR  97301
Phone (503) 385-0121
Fax (503) 385-0210
Email: brady@bradymertz.com

EXHIBIT A

1    STATE OF OREGON        )
                            )        ss.
2    County of Marion       )

3        I, the undersigned attorney of record for the Plaintiff, certify that the foregoing in an
     exact and complete copy of the original summons in the above entitled case.
4

5                                        LAW OFFICE OF BRADY MERTZ

6

7                                        Brady Mertz, OSB #970814
                                         ATTORNEY OF RECORD FOR PLAINTIFF

8

9                        *******************************

10   TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby
     directed to serve a true copy of this Summons, together with a true copy of the Complaint
     mentioned therein, upon the Defendant, and to make your proof of service which you shall attach
11   hereto.

12                                       LAW OFFICE OF BRADY MERTZ

13

14                                       Brady Mertz, OSB #970814
                                         ATTORNEY OF RECORD FOR PLAINTIFF

15

16

17

18

19

20

21

22

23

24

     2 - SUMMONS
                                                          **Brady Mertz, PC**
                                                    2285 Liberty St. NE, Salem, OR  97301
                                                            Phone (503) 385-0121
                                                                Fax **EXHIBIT A**
                                                     Email: brady@bradymertz.com

TRUE COPY
BHM

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| JOSH PETERSON , | ) | Case No.: **15CV02104** |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | Claim for $315,091.20 - NOT Subject to |
| | ) | Mandatory Arbitration |
| WALGREEN CO., dba WALGREENS , | ) | |
| | ) | Jury Trial Requested |
| Defendant. | ) | |
| | ) | ORS 21.160(1)(c) – filing fee $531.00 |

COMES NOW, Plaintiff Josh Peterson, by and through his attorney, Brady Mertz, and does hereby state and allege as follows:

1.

At all times material Defendant Walgreen Co. has been a foreign business corporation from the State of Illinois, and was doing business within the State of Oregon and doing regular and sustained business activity within Multnomah County.

2.

Plaintiff Josh Peterson (hereinafter referred to as "Plaintiff"), brings this action against Defendant Walgreen Co, d/b/a Walgreens (hereinafter referred to as "Walgreens").

3.

The purpose of this Complaint is to include claims relating to Plaintiff's employment as Assistant Store Manager for Walgreens. On or about March 31, 2013 Defendant eliminated the

1 - Complaint

**Brady Mertz, PC**
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

EXHIBIT A

1   Executive Assistant Manager ("EXA") position, and on or about April 1, 2013, Defendant

2   created the ASM position. Plaintiff was then moved into the ASM position.

3                                  4.

4      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

5   ("FLSA"), the Oregon Minimum Wage Act, ORS 653.010 et seq. ("OMWA"), for violations of

6   ORS 652.140, monetary damages, liquidated damages, prejudgment interest, civil penalties and

7   costs, including reasonable attorney's fees as a result of Walgreens' failure to pay Plaintiff for

8   the hours that Plaintiff worked off the clock for each single workweek.

9                                    5.

10      Plaintiff further asserts unjust enrichment/quantum meruit claims against Walgreens

11   under Oregon law based on Walgreens' unjust receipt of Plaintiff's uncompensated labor.

12                                   6.

13      Walgreens conducts business within the State of Oregon, operating retail stores that sell

14   merchandise in consumer goods categories such as pharmacy, health and hygiene, beauty and

15   cosmetics, grocery, vitamins and supplements, and other consumer goods categories.

16                                   7.

17      At all times material, Walgreens employed Plaintiff as an Executive Assistant Manager

18   and then as an Assistant Store Manager within the State of Oregon.

19                                   8.

20      At all times material herein, Plaintiff has been entitled to the rights, protections and

21   benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

22                                  9.

23      Plaintiff, employed by Walgreens within the State of Oregon within the applicable statute

24   of limitations period, has been entitled to the rights, protection and benefits provided under the

2 - Complaint

**EXHIBIT A**

1    OMWA and Oregon common law under the theories of unjust enrichment/quantum meruit. At all

2    times relevant to this action, Walgreens was Plaintiff's employer as defined by the FLSA, 29

3    U.S.C. § 203(d), the Oregon Minimum Wage Act.

4                                                    10.

5           No exemptions or exceptions to the application of the FLSA or OMWA apply to

6    Plaintiff.

7                                                    11.

8           Defendant Walgreens is an "employer" within the meanings set forth in the FLSA and

9    OMWA, and was, at all times relevant to the allegations in this Compliant.

10                                                   12.

11          Walgreens is a national retailer of "pharmacy, health and wellness solutions, and

12   consumer goods and services," employing over 240,000 people and operating approximately

13   8,000 stores across the country, including about 43 stores in the State of Oregon.

14                                                   13.

15          Plaintiff, in his position as Executive Assistant Manager (hereinafter referred to as

16   "EXA" or "EXAs"), is or was required to be scheduled for a minimum of forty-four (44) hours

17   per week.  Despite the scheduled hours, Plaintiff very commonly works or worked more than the

18   required forty-four (44) hours per week.  To Plaintiff's knowledge, Plaintiff's exact hours of

19   work are not recorded, as Walgreens has no and had no system in place, such as a time clock, for

20   EXAs or ASMs to log their actual hours worked.

21                                                   14.

22          If Walgreens has a computer that tracks or has traced the actual hours worked by any or

23   all of the EXAs or ASMs, this Court should require Walgreens to maintain such information in a

24   reliable location, and not to destroy it or allow it to be destroyed through the implantation of any

3 - Complaint

Brady Mertz, PC
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

**EXHIBIT A**

1   policy currently in place or any policy to be adopted after the filing hereof. If Walgreens does

2   not track the hours actually worked by EXAs or ASMs, it should be ordered by this Court to

3   begin to do so immediately, and to maintain those records pursuant to State and Federal laws.

4                                              15.

5        Plaintiff's primary duties were non-managerial in nature. Plaintiff performed managerial

6   duties only approximately twenty percent (20%) of the time, the other eighty percent (80%)

7   being spent doing general non-managerial tasks, such as that of a retail clerk or stocking

8   employee. The managerial tasks performed by EXAs and ASMs were secondary to their

9   primary duties of waiting on customers, stocking shelves and unloading delivery trucks. EXAs

10  and ASMs performed some managerial duties assigned by their store manager and at times

11  designated by their store manager. The managerial tasks performed by EXAs and ASMs were

12  secondary to their primary duties of waiting on customers, stocking shelves and unloading

13  delivery trucks. Walgreens business model depends on a large amount of manual and retail labor

14  by EXAs and ASMs (i.e., non-managerial work) given the limited payroll and large amount of

15  labor that has to be performed at each store.

16                                             16.

17       Plaintiff Peterson had been an employee of Walgreens for approximately 9 years as of the

18  original filing of this action. Plaintiff had been classified as a salaried employee the entire

19  duration of his employment as an EXA and an ASM. Upon commencement of work at

20  Walgreens, Plaintiff did not sign any contract of employment setting forth his hours or wages.

21                                             17.

22       At all times material, Plaintiff's annual compensation was not less than approximately

23  $1,000.00 per week nor was his compensation less than $50,000.00 per year.

24                                             18.

4 - Complaint

**Brady Mertz, PC**
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

**EXHIBIT A**

1         Walgreens has deducted pay from Plaintiff's salary for time missed at work on days in

2   which Plaintiff missed less than one *full day* of work.

3                           19.

4         Walgreens has also deducted pay from Plaintiff's salary for weeks in which Plaintiff

5   worked more than the required forty-four (44) hour work-week without explanation or reason.

6                           20.

7         Plaintiff knows of no complaint mechanism for salaried employees to challenge pay

8   deductions.  Plaintiff knows of no handbook outlining salary requirements and procedures.

9                           21.

10        On average, Plaintiff worked approximately fifty-five (55) to sixty (60) hours per week.

11                          22.

12        Plaintiff has not received any overtime compensation during weeks in which he worked

13  more than forty hours.

14                          23.

15        Walgreens requires EXAs and ASMs to be scheduled to work, and do work, an absolute

16  minimum of forty-four (44) hours per week spanning over five (5) of the seven (7) days in the

17  pay period.  Most EXAs and ASMs work hours far in excess of the minimum required each

18  week.

19                          24.

20        Walgreens' pay period is calculated from Wednesday to Tuesday and plaintiff was paid

21  bi-weekly.  Therefore, each pay period, EXAs and ASMs receive a "salary" for eight-eight (88)

22  hours, but they are not paid overtime.  However, for the pay periods in which Plaintiff works less

23  than the required minimum time, Plaintiff's pay has been reduced despite the fact that Plaintiff

24  has worked during the pay period.

5 - Complaint

**Brady Mertz, PC**
345 Lincoln Street SE, Salem, Oregon  97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email:  brady@bradymertz.com

**EXHIBIT A**

1      25.

2          Since Walgreens is not franchised, it has one human resource department responsible for

3      calculating and disbursing Plaintiff's paychecks.  Walgreens has a practice of making improper

4      deductions from the salary of Plaintiff.

5      26.

6          Plaintiff does not meet the requirements for exemption and is entitled to overtime wages.

7      **FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT VIOLATION**

8      27.

9          Plaintiff realleges paragraphs 1 through 26 herein.

10     28.

11         Plaintiff has caused to be executed (and previously filed) a Consent to Join a national

12     class action which was decertified.  The Class Members were allowed to pursue their own

13     individual causes of action.  Plaintiff was one of these Class Members.  The relevant time period

14     for Plaintiff dates back three years from the date on which the original class action was filed

15     (November 15, 2012) up to present date.  Plaintiff's original Complaint was filed herein and

16     continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set

17     forth herein below.

18     29.

19         Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29

20     U.S.C. § 201, *et seq.*

21     30.

22         At all relevant times, Walgreens has been, and continues to be, an "employer" of Plaintiff

23     within the meaning of the FLSA, 29 U.S.C. § 203.

24     31.

6 - Complaint

**EXHIBIT A**

1      At all relevant times, Walgreens has been, and continues to be an enterprise engaged in

2  commerce within the meaning of the FLSA, 29 U.S.C. § 203.

3                              32

4      29 U.S.C. §§ 206 and 207 require employers subject to the FLSA to pay all employees an

5  minimum wage for all hours worked up to forty (40) in a work week and to pay time and a half

6  of regular wages for all hours worked over forty (40) hours in week, unless an employee meets

7  certain exemption requirements of 20 U.S.C. § 213.

8                              33

9      Walgreens classified Plaintiff as exempt from the overtime requirements of the FLSA

10  based upon the executive exemption under 29 U.S.C. § 213(a) and 29 C.F.R §§ 541.100-106.

11                              34.

12      Plaintiff did not have as his primary or most important duty, management of the store or

13  activities closely related to management of the store.  This excessive non-exempt work is the

14  reason EXAs and ASMs must work an average of fifty-five (55) to sixty (60) hours per week,

15  sometimes more.  EXAs' and ASMs' hours vary each week depending on the amount of non-

16  exempt work they must perform for that particular period.  EXAs and ASMs are required to put

17  in numerous ours of work that would be classified as overtime hours by non-exempt employees

18  simply to perform non-exempt tasks.

19                              35.

20      Plaintiff is misclassified as exempt under the executive exemption. Plaintiff is entitled to

21  receive minimum wages and overtime compensation as set forth in the FLSA.

22                              36.

23      Walgreens willfully failed to pay overtime wages to Plaintiff.

24

7 - Complaint

**Brady Mertz, PC**
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

**EXHIBIT A**

37.

At all relevant times, Walgreens knew that it was obligated to pay overtime wages to all non-exempt employees for hours worked over forty (40) in a week. At all relevant times, Walgreens knew that only individuals who had management as their primary duty qualified for the executive exemption. At all relevant times, Walgreens knew that 29 C.F.R. §541.100(a)(1) required employees who are classified under the executive exemption to be paid on a "salary basis." At all relevant times, Walgreens knew that 29 C.F.R. § 541.602(b) permitted deductions from salary only when a salaried employee missed one or more *full days* of work.

38.

Despite this knowledge, the following facts are alleged:

A. Walgreens misclassified Plaintiff as an exempt employee under the executive exemption;
B. Walgreens deducted pay from Plaintiff for missing less than one or more *full days* of work.
C. Walgreens deducted pay from Plaintiff for time missed during a week in which the employee actually performed work.
D. Walgreens deducted pay from Plaintiff for time actually worked; and
E. Walgreens failed to keep accurate records of hours worked by Plaintiff.

39.

Based on the foregoing, Plaintiff seeks the following economic damages in amounts to be proven at trial, but not to exceed the following sums:

A. Overtime wages in the amount of $95,000.00;
B. Liquidated damages in the amount of $95,000.00;
C. Attorney's fees pursuant to 29 USC 216(b);
D. Court Costs;
E. Prejudgment interest.

40.

Plaintiff also seeks appropriate relief against Walgreens including estoppel from asserting the lack of employment records as a defense, equitable tolling of the statute of limitations, and all other relief just and appropriate in the circumstances.

8 - Complaint

Brady Mertz, PC
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

**EXHIBIT A**

1

**SECOND CLAIM FOR RELIEF – OREGON MINIMUM WAGE ACT
ORS 653.055**

2

41.

3

Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully

4

incorporated in this section.

5

42.

6

During Plaintiff's tenure of work at Walgreens, Plaintiff was not paid for the

7

approximately 16 extra hours per week that he performed. The minimum wage during this

8

period of time was set at $9.25 an hour in the State of Oregon.

9

43.

10

Plaintiff claims as an economic damage for unpaid minimum wages in an amount to be

11

proven at trial but not to exceed the sum of $15,392.00 and for civil penalties pursuant to ORS

12

653.055 and ORS 652.150 in the amount $5,928.00.

13

44.

14

Plaintiff also seeks an award of reasonable attorney's fees to be paid pursuant to ORS

15

653.055.

16

**THIRD CLAIM FOR RELIEF – VIOLATION OF ORS 652.140**

17

45.

18

Plaintiff realleges paragraphs 1 through 40.

19

46.

20

Plaintiff stopped working for Walgreens on September 10, 2014. At that time, Walgreens

21

was required to pay Plaintiff all wages earned and unpaid within 48 hours after Plaintiff's

22

termination. Walgreens failed to pay the Plaintiff his wages timely.

23

24

9 - Complaint

**Brady Mertz, PC**
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

**EXHIBIT A**

47.

Plaintiff claims as an economic damage for unpaid wages an amount to be proven at trial but not to exceed the sum of $61,651.20 and for civil penalties pursuant to ORS 652.150 in the amount $5,928.00.

48.

Plaintiff also seeks an award of attorney's fees to be paid pursuant to ORS 652.200(2).

**FOURTH CLAIM FOR RELIEF – UNJUST ENRICHMENT/QUANTUM MERUIT**

49.

Plaintiff realleges paragraphs 1 through 40.

50.

Plaintiff, having conferred a benefit upon Walgreens by providing work to Walgreens but not receiving pay for the work performed, and Walgreens being fully aware of the benefit received, under the circumstances, it would be unjust to allow Walgreens not to pay the Plaintiff the wages he reasonably earned and to keep the benefit provided by the Plaintiff.

51.

Plaintiff has performed work for Walgreens for over 6 years without being paid by Walgreens for that work at the federal minimum wage rate of $7.25 and should now be reimbursed $36,192.00 for the benefit provided to Walgreens.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Josh Peterson respectfully requests the following recovery:

A. First Cause of action: economic damages for overtime wages in an amount to not exceed the sum of $95,000.00, liquidated damages in the amount of $95,000.00, attorney's fees pursuant to 29 USC 216(b), court costs; and prejudgment interest.

B. Second Cause of action:  economic damage for unpaid minimum wages in an amount not to exceed the sum of $15,392.00, civil penalties pursuant to ORS 653.055 and ORS

10 - Complaint

**Brady Mertz, PC**
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

**EXHIBIT A**

652.150 in the amount $5,928.00, an award of reasonable attorney's fees to be paid pursuant to ORS 653.055, and court costs.

C.  Third Cause of action:  economic damage for unpaid wages not to exceed the sum of $61,651.20, civil penalties pursuant to ORS 652.150 in the amount $5,928.00, an award of attorney's fees pursuant to ORS 652.200(2), and court costs.

D.  Fourth Cause of action: for the reasonable value of his labor to Walgrees in an amount not to exceed the sum of $36,192.00, any other equitable remedy, and court costs.

DATED the 20th day of January, 2015.

                                        BRADY MERTZ, PC

                                        Brady Mertz, OSB #970814
                                        Attorney for Plaintiff

**Brady Mertz, PC**
345 Lincoln Street SE, Salem, Oregon 97302
Phone (503) 385-0121
Fax: (503) 375-2218
Email: brady@bradymertz.com

**EXHIBIT A**